UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

(ECF CASE)

| | |
|---|---|
| BINU MATHEW, On Behalf of Himself and All Others Similarly Situated, | Civil Action No.: 06 cv 4184 (HB) |
| Plaintiff, | |
| v. | CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT |
| THE JPMORGAN CHASE RETIREMENT PLAN, JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., JOHN F. BRADLEY, as Plan Administrator, and JOHN DOES 1-100, | |
| Defendants. | |

For his Class Action Complaint for Violations of the Employee Retirement Income Security Act, Plaintiff alleges as follows:

**I. INTRODUCTION**

1. This is a class action brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. ("ERISA") on behalf of the participants and beneficiaries of the JPMorgan Chase Retirement Plan (the "Plan"), a defined benefit plan established and sponsored by JPMorgan Chase Bank ("JPMorgan" or the "Company"), as a benefit for its employees, and any predecessor or successor plans that utilize a cash balance formula for determining accrued retirement benefits.

2. This action is brought on behalf of Plaintiff and all participants and beneficiaries of the Plan at any time after January 1, 1997 (the "Class Period") who are subject to the Plan's Cash Balance Formula described below (the "Class").

3. In general, as alleged in further detail herein, Plaintiff alleges that the January 1, 1997 merger of the Chemical Bank Retirement Plan (the "Chemical Bank Plan") and the Retirement Plan of Chase Manhattan Bank and Certain Affiliated Companies (the "Old Chase Plan") and all subsequent mergers and amendments of the Plan violate the rate of accrual restrictions set forth in ERISA § 204(b)(l), 29 U.S.C. § 1054(b)(l).  In addition, the January 1, 1997 merger and all subsequent mergers and amendments of the Plan violate ERISA's proscription against reducing the rate of an employee's benefit accrual because of the attainment of any age as set forth in ERISA § 204(b)(l)(H)(i), 29 U.S.C. § 1054(b)(l)(H)(i).

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and ERISA § 502(e)(l), 29 U.S.C. § 1132(e)(l).

5. Venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in this district, the breach upon which the suit is premised occurred in this district, and/or some Defendants reside, may be found, or maintain their primary place of business in this district.

## III. PARTIES

6. Plaintiff Binu Mathew  is a "participant" of the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7) and is subject to the Plan's cash balance formula.  He resides in Mesquite, Texas. Plaintiff began working for Chase Manhattan Corporation in February of 2002 and continued to work for Chase Manhattan Corporation's successor companies until November of 2005.  In 2002, Plaintiff rolled his accrued benefits out of his account under the Plan.  His currently holds his benefits in Washington Mutual.

7. Plaintiff has standing to bring this action pursuant to ERISA § 502(a)(l)(B) and 502(a)(3) because he brings this action to enforce his rights under the terms of the Plan, to clarify his right to future benefits under the terms of the Plan, and to obtain appropriate relief to address Defendants' violations of ERISA.

8. Plaintiff has not filed a claim for benefits under the Plan's claims procedure because he seeks relief from violations of ERISA statutory provisions that do not require the exercise of discretion by a claim fiduciary. Exhaustion of administrative remedies is not required for such an action, and would be futile in any event, because Plaintiff challenges the Plan's pension benefit calculation method as a whole, not an action or inaction that is within the scope of any Plan-related administrative review procedure or Plan Administrator's discretion.

9. Defendant JPMorgan Chase Retirement Plan (the "Plan") is a "defined benefit plan" within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35). The Plan, including its successor or predecessor plans, is an entity that may be sued pursuant to ERISA § 502(d)(l), 29 U.S.C. §1132(d)(l).

10. Defendant JPMorgan Chase Bank, N.A. ("JPMC Bank") is a national banking association headquartered in New York, New York. According to the annual reports submitted to the Internal Revenue Service, JPMC Bank is the "plan sponsor" of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). JPMC Bank is qualified to do business in New York and does do business in New York. On information and belief, Defendant JPMC Bank is also an appointed Administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C § 1002(16)(A).

11.     Defendant JPMorgan Chase & Co. (the "Corporate Employer") is a financial holding company incorporated in Delaware.  Upon information and belief, Defendant JPMC Bank is a wholly-owned subsidiary of the Corporate Employer.

12.     Upon information and belief, John F. Bradley, Director of Human Resources for the Corporate Employer, is a resident of the United States and has been designated or was designated to carry out the functions of Plan Administrator for the Plan.

13.     Unknown "John Doe" Defendants 1-100 are residents of the United States and are or were plan administrators of the Plan during the Class Period.  Their identities are currently unknown to Plaintiff, and once Plaintiff identifies them, Plaintiff will seek leave to join them under their true names.

## IV. SUMMARY OF ALLEGATIONS

14.     As described in detail below, Plaintiff alleges that the Chase Manhattan Corporation converted its defined benefit plan to a cash balance defined benefit plan effective January 1, 1989 and through a series of mergers and amendments thereafter, the accrued pension benefit for participants in the Chase Plan and subsequent plans was subject to a cash balance formula.  Plaintiff alleges that this conversion and all subsequent plans that utilize a cash balance formula violate ERISA because the rate at which benefits accrue violate the requirements of ERISA § 204(b)(l)(B), 29 U.S.C. § 1054(b)(l)(B), and the rate of participants' benefit accrual is reduced as a participant ages, in violation of ERISA § 204(b)(l)(H)(i), 29 U.S.C. § 1054(b)(l)(H)(i).  Defendants further violated ERISA by allowing lump sum distributions to participants prior to normal retirement age that deprived participants of the full value of their accrued benefit in violation of ERISA § 205(g), 29 U.S.C. § 1055(g).  Plaintiff also alleges that

Defendants failed to provide participants with sufficient disclosure and notice regarding the cash balance plan conversions as required by ERISA § 204(h), 29 U.S.C. § 1054(h), and that Defendants failed to provide an adequate summary plan description regarding the effects of the cash balance formula, in violation of ERISA § 102, 29 U.S.C. § 1022.

## V. FACTS

15.     The Plan covers U.S. employees of JPMorgan Chase & Co. and those JPMorgan Chase subsidiaries that have elected to participate in the Plan.

16.     Chase Manhattan Corporation, the predecessor to the Corporate Employer, Defendant JPMorgan Chase & Co., converted its "final average pay" defined benefit plan to a cash balance plan effective January 1, 1989.  This cash balance plan is referred to as the "Old Chase Plan."

17.     In 1996, Chemical Banking Corporation merged with Chase Manhattan Corporation, and the surviving corporation was called the Chase Manhattan Corporation.  Prior to the merger, Chemical Banking Corporation had a defined benefit plan, the "Chemical Bank Plan," which, on information and belief, had elements of both a cash balance plan and a final average pay defined benefit plan.

18.     On about January 1, 1997, Chase Manhattan Corporation merged the Old Chase Plan with the Amended Chemical Bank Plan.  The new plan, referred to as the "Heritage Chase Plan," was a cash balance plan.

19.     On about December 31, 2000, Chase Manhattan Corporation merged with JPMorgan & Co., Inc.  The surviving corporation was called JPMorgan Chase & Co.  Prior to the merger, JPMorgan & Co., Inc. had a cash balance plan, the "Morgan Plan."  The Morgan Plan had

been a final average pay defined benefit plan until about January 1, 1999, when it was converted to a cash balance plan.

20.     On about January 1, 2002, JPMorgan Chase & Co. merged the Heritage Chase cash balance plan with the Morgan Plan cash balance plan.  The new plan, the "JPMorgan Chase Retirement Plan," was also a cash balance plan.

21.     In 2004, JPMorgan Chase & Co. merged with Bank One.  The surviving corporation was called JPMorgan Chase & Co.

22.     Subsequent to its merger with Bank One, in about 2005, the Corporate Employer, JPMorgan Chase & Co. revised its plan.   The new plan, the "Amended JPMorgan Chase Retirement Plan," is also a cash balance plan.

23.     Participants in the Plan generally earn benefits under the Plan if they have been employed for at least one year.  Benefits generally become vested after five years of service.

24.     Under the cash balance formula, a bookkeeping account in each Participant's name is credited monthly with an amount equal to a percentage of the participant's eligible base salary, depending on years of credited service.  Upon information and belief, the percentage of compensation added to the participants bookkeeping account has ranged from 3% to 14%.

25.     In addition, each Participant's bookkeeping account is credited with Interest Credits based on a designated interest rate, usually tied to the rate of return for a particular Treasury Bill in a particular period.  Upon information and belief, the Plan has also periodically provided floors on the interest rates used to calculate interest credits.

26.     Upon information and belief, the Plan has consistently allowed interest credits to be added to a participant's account regardless of whether the participant was an active employee

of the Company, so that any balance in a participant's account would continue to accrue interest until the participant reached normal retirement age regardless of service.

27. Upon information and belief, the Plan has consistently allowed for Retirement Benefits to be paid to a Participant as a lump sum amount. If a Participant elects to receive a lump sum payment, the Plan only provides a payment equal to the amount credited to the Participant's Cash Balance Account, not the present value of the accrued retirement benefit as required by ERISA § 205(g).

28. Because Interest Credits continue to accrue under the Plan regardless of a Participant's future service, the benefit accrued by a participant includes not only the amount added to that participant's bookkeeping account, but the interest that will accrue until the Participant's normal retirement age.

29. For each year of qualifying service, the Plan must provide for a definitely determinable non-forfeitable "accrued benefit" pursuant to ERISA § 203(a), 29 USC § 1053(a).

30. The accrued benefit must be expressed in the form of an annual benefit commencing at normal retirement age pursuant to ERISA § 3(23), 29 U.S.C. § 1002(23).

## VI. CLASS ALLEGATIONS

31. Plaintiff brings this action as a class action pursuant to Rules 23(a), (b)(1)(A), (b)(l)(B), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and the following class of persons similarly situated:

All participants, excluding Defendants, in the JPMorgan Chase Cash Balance Plan and all predecessor and successor cash balance plans, at any time after January 1, 1997 whose accrued or pension benefits are based, in whole or in part, on the Plan's cash balance formula.

32. Plaintiff seeks class action certification because: (i) the conduct complained of is widespread, and on information and belief affects more than 100,000 active Plan Participants, making joinder of all claims impracticable; (ii) Plaintiff's claims are typical of those of the Class; and (iii) there are common questions of law and fact which predominate, including:

(a) whether the benefits earned by the Plan participants have been calculated correctly as required by ERISA;

(b) whether the benefits provided under the terms of the Plan accrue at a rate which is reduced because of age, in violation of ERISA;

(c) whether the Class is entitled to a clarification of future benefits pursuant to ERISA § 502(a)(l)(B);

(d) whether Defendants failed to disclose to Participants that the conversion to a cash balance formula or the change in applied interest credits would result in a significant reduction in the rate of benefit accrual, in violation of ERISA § 204(h), 29 U.S.C. § 1054(h);

(e) whether Defendants failed to provide an adequate summary plan description that explains the full import of the cash balance terms, in violation of ERISA § 102, 29 U.S.C. § 1022;

(f) whether the Class is entitled to a judgment enjoining Defendants from continuing to violate ERISA and to calculate its benefits in a manner consistent with ERISA, pursuant to ERISA § 502(a)(3);

(g) whether the Class is entitled to a mandatory injunction ordering Defendants to comply with the terms of the Plan by declaring a partial termination of the Plan effective as of January 1, 1997, treating the accrued benefits of all affected participants as non-forfeitable; and

    (h)  the extent of any damage suffered and the appropriate measure of damages.

  33.  Plaintiff will fairly and adequately represent the interests of the members of the Class. Plaintiff's interests are the same as, and not in conflict with, the other members of the Class. Plaintiff's counsel is experienced in class actions and complex litigation, including actions involving ERISA retirement plans.

  34.  Class action status is warranted under Rule 23(b)(l)(A) because inconsistent or varying adjudications with respect to individual members of the Class would establish incompatible standards of conduct for the Defendants.

  35.  Class action status is also warranted under Rule 23(b)(l)(B) because adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

  36.  Class action status is also warranted under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

  37.  Class action status is also warranted under Rule 23(b)(3) because questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I

  38.  Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

39. As a defined benefit plan, the Plan is subject to the minimum accrual requirements of ERISA § 204(b), 29 U.S.C. § 1054(b).

40. ERISA § 204(b) provides three alternative tests which a defined benefit plan can meet to satisfy ERISA's accrual requirements: the 3% rule, the 133-1/3% rule, and me fractional rule. 29 U.S.C. § 1054(b)(l)(A)-(C).

41. Because the Plan's cash balance formula is based upon lifetime compensation, the only rule with which the Plan could comply is the 133-1/3% rule.

42. Due to the variable interest rate used to calculate and apply interest credits to a participant's account, increases in the interest rate will generate rates of benefit accrual greater than 133-1/3% of earlier rates of benefit accrual under lower interest rates, in violation of ERISA.

43. Even if the interest rate remains constant, periodic increases in the calculation of Contribution Credits will cause the rate of benefit accrual to increase by more than 133-1/3% over previous rates.

44. Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(l)(B) and 1132(a)(3), Plaintiff is entitled to a judgment enjoining Defendants from continuing to violate the foregoing provisions of ERISA and to determine and calculate their benefits in a manner which is consistent with such provisions.

45. Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(l)(B) and 1132(a)(3), Plaintiff is entitled to appropriate equitable relief to redress the Plan's violations of the foregoing provisions of ERISA and to enforce such provisions.

## COUNT II

46.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

47.     The accrual requirements of ERISA § 204(b) prohibit defined benefit plans from reducing the rate of an employee's benefit accrual because of age or the attainment of any age. 29 U.S.C. § 1054(b)(l)(H)(i).

48.     The Plan applies interest credits to Participants' Cash Balance Accounts regardless of future service. Therefore, the impact on a Participant's accrued benefit of Contribution Credits and Interest Credits added to a Participant's bookkeeping account in any given year is not only the face value of those contributions, but also the future interest those contributions will accrue. Since the amount of interest that can accrue for Contribution and Interest Credits decreases as a participant attains greater age, the participant's rate of benefit accrual also decreases as the participant attains greater age, in violation of ERISA § 204(b)(l)(H)(i), 29 U.S.C. § 1054(b)(l)(H)(i).

49.     Periodic increases to the Contribution Credit and increases in the variable interest rate used to calculate Interest Credits may periodically prevent the overall rate of benefit accrual from decreasing for a particular participant, but the accrual rate for participants who attain greater age will always be less than those same participants would have but for the attainment of an increased age.

50.     Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(l)(B) and 1132(a)(3), Plaintiff is entitled to a judgment enjoining Defendants from continuing to violate the

foregoing provisions of ERISA and to determine and calculate his benefits in a manner which is consistent with such provisions.

51.  Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C. §§ 1132(1)(B) and 1132(a)(3), Plaintiff is entitled to appropriate equitable relief to redress the Plan's violations of the foregoing provisions of ERISA and to enforce such provisions.

## COUNT III

52.  Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

53.  ERISA § 205(g) allows a benefit plan to distribute the present value of an annuity provided the present value is "not less than the present value calculated by using the applicable mortality table and applicable interest rate." 29 U.S.C. § 1055(g).

54.  The Plan provides for a distribution of a lump sum benefit equal to a participant's "Cash Balance Account," not the present value of the accrued benefit at normal retirement age. Lump sum distributions to participants prior to normal retirement age may, therefore, deprive participants of the full value of their accrued benefit in violation of ERISA § 205(g), 29 U.S.C. § 1055(g).

55.  Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(l)(B) and 1132(a)(3), Plaintiff is entitled to a judgment enjoining Defendants from continuing to violate the foregoing provision of ERISA and to determine and calculate their benefits in a manner which is consistent with such provision.

56.     Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(l)(B) and 1132(a)(3), Plaintiff is entitled to appropriate equitable relief to redress the Plan's violations of the foregoing provision of ERISA and to enforce such provision.

## COUNT IV

57.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

58.     The Cash Balance Plan not only significantly reduced the rate at which Participants accrued retirement benefits, but to the extent a "wear away" period existed for Participants in any of the prior plans, it also caused benefit accrual for those Participants to cease all together.

59.     Prior to the conversions to cash balance formula, Defendants did not explain the full import of the cash balance terms in a summary plan description, or any other communication distributed to plan participants, including but not limited to an explanation of the wear-away effect and a disclosure that benefit accruals under the plan are reduced by advancing age.

60.     Defendants failed to notify Plaintiff and other Plan participants of a significant reduction in the rate of future benefit accrual 15 days prior to the effective dates of the Plans' conversions to cash balance formulae, in violation of ERISA § 204(h), 29 U.S.C. § 1054(h).

61.     Plaintiff and other Plan participants were prejudiced by Defendants' failure to notify them of a significant reduction in the rate of future benefit accrual 15 days prior to the Plan's January 1, 1997 effective date, because based on Defendants' failure to notify, Plaintiff and other Plan participants were led to believe that the wear-away effect and decreasing rate of benefit accrual were not components of the Plan.

62. Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C, §§ 1132(a)(l)(B) and 1132(a)(3), Plaintiff is entitled to a judgment enjoining Defendants from continuing to violate the foregoing provision of ERISA and are entitled to damages resulting from the violation.

63. Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(l)(B) and 1132(a)(3), Plaintiff is entitled to appropriate equitable relief to redress Defendants' violations of the foregoing provision of ERISA and to enforce such provision.

## COUNT V

64. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

65. Prior to the Plans' conversions to cash balance formula, Defendants did not explain the full import of the cash balance terms in a summary plan description distributed to plan participants, including but not limited to a complete explanation of the wear-away effect and an explicit explanation of how benefit accruals under the plan are reduced by advancing age.

66. Plaintiff and the other Plan participants were prejudiced by Defendants' failure to explain the full import of the cash balance terms in a summary plan description distributed to plan participants, and based on Defendants' failure to notify, Plaintiff and the other Plan participants were led to believe that the wear-away effect and decreasing rate of benefit accrual were not components of the Plan.

67. Defendants' failure to provide an adequate summary plan description that explains the full import of the cash balance terms violates ERISA § 102, 29 U.S.C. § 1022.

68. Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(l)(B) and 1132(a)(3), Plaintiff is entitled to a judgment enjoining Defendants from continuing to violate the foregoing provision of ERISA and is entitled to damages resulting from the violation.

69. Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(l)(B) and 1132(a)(3), Plaintiff is entitled to appropriate equitable relief to redress Defendants' violations of the foregoing provision of ERISA and to enforce such provision.

## COUNT VI

70. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

71. Pursuant to ERISA §§ 502(a)(l)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(l)(B) and 1132(a)(3), Plaintiff is entitled to a judgment clarifying his right to receive future benefits from the Plan, calculated under the terms of the Plan, to the extent those terms are not inconsistent with the applicable provisions of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. Certification of this action as a class action with the class defined as aforesaid;

B. Judgment for Plaintiff and the Class against Defendants on all claims asserted herein including an amount of money sufficient to satisfy their claims;

C. Pre- and post-judgment interest at the highest allowable rate;

D. Attorneys' fees and costs pursuant to the common fund/benefit doctrine or any other applicable law;

E. Injunctive and other equitable relief recounted above; and

    F.    Any other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 1st day of June, 2006.

**WECHSLER HARWOOD LLP**

_____
Robert I. Harwood
Samuel K. Rosen
Jeffrey M. Norton
488 Madison Avenue, 8th Floor
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

**GAINEY & MCKENNA**
Thomas J. McKenna (TJM 7109)
295 Madison Avenue, 4th Floor
New York, New York 10017
Telephone: (212) 983-1300

*Attorney for Plaintiff*